OPINION OF THE COURT
William J. Burke, J.
Pursuant to defendant’s request, the court has inspected the Grand Jury minutes in support of the instant indictment.
This inspection reveals that the defendant testified before an Onondaga County Grand Jury which was hearing evidence *260 involving the possession of a dangerous weapon by a person named Richard Vance Williams. Both Mr. Williams and Robert Hollis testified before that Grand Jury. At the conclusion of the presentation and instruction on the law relative to the possession charge, the Assistant District Attorney then went on to charge that Grand Jury on the law relative to the crime of perjury in the first degree. This latter charge is predicated upon the very testimony that the Grand Jury had heard from Mr. Hollis regarding the Williams possession charge.
The court is of the opinion that the foregoing procedure was improper and subjects this indictment to dismissal in accordance with CPL 210.20 (1) (c) in that this Grand Jury proceeding failed to conform to the requirements of CPL article 190 to such a degree that the integrity thereof was impaired. (See, CPL 210.35 [5].)
The court’s opinion is predicated in part upon the reading of article 190 which seems to reflect that the Grand Jury’s function is to investigate the alleged commission of past criminal conduct, and not allegations of criminal conduct alleged to have occurred before it. CPL 190.05 states in part relative to the general functions of a Grand Jury, "the functions of which are to hear and examine evidence concerning offenses”. Here the Grand Jury was not aware or advised in any way that they would be voting on or considering any charges or evidence unrelated to the weapons charges that formed the subject matter of the underlying presentation.
CPL 190.55 (1) states in part, "A Grand Jury may hear and examine evidence concerning the alleged commission of any offense”, again such language seems to indicate that the presentation of evidence relates to allegations of past criminal conduct. CPL 190.55 (2) states in part:
"District attorneys are required or authorized to submit evidence to grand juries under the following circumstances:
"(a) A district attorney must submit to a grand jury evidence concerning a felony allegedly committed by a defendant”.
Again, the statute talks of the presentation of evidence concerning a felony committed; or as in CPL 190.55 (2) (c) the District Attorney may submit to a Grand Jury any available evidence concerning an offense. All such language involves the presentation to the Grand Jury of evidence relating to the alleged commission of a crime being investigated.
Moreover, it would seem to be unfair and highly prejudicial *261 for an Assistant District Attorney to indirectly offer his opinion on the quality and character of certain testimony that the Grand Jury had to consider, by unilaterally submitting instructions regarding two perjury charges against a witness who had testified during the presentation of the underlying case.
Additionally, if this procedure was allowed, it would appear that a defendant’s right to appear before a Grand Jury hearing his case would virtually be denied. (See, CPL 190.50 [5] [a].) CPL 190.50 (5) (a) provides in part that: "When a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment or any direction to file a prosecutor’s information in the matter, he serves upon the district attorney of the county a written notice making such request and stating an address to which communications may be sent. The district attorney is not obligated to inform such a person that such a grand jury proceeding against him is pending, in progress or about to occur unless such person is a defendant who has been arraigned in a local criminal court”.
Within the procedural posture of this case there was no charge against this defendant that was about to be, or that had been submitted to the Grand Jury that could have provided this defendant with an opportunity to serve upon the District Attorney a notice of his intention to exercise his right to appear before the Grand Jury. In the context of this case there were no criminal charges being submitted to a Grand Jury, it was only after the conclusion of the presentation of all the evidence regarding an unrelated matter that the Grand Jury was instructed regarding the law of perjury as that charge related to the defendant’s testimony.
Therefore, based upon the foregoing the court grants the defendant’s motion to dismiss the instant indictment. However, the People are granted leave to re-present this case to another Grand Jury if they choose to do so.